**Cecil Robert EASLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44172.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

E. Paul Banner, Greenville (Court Appointed Counsel), for appellant.

Larry Miller, Dist. Atty., Greenville, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana with punishment assessed by the jury at three years.

The appellant first contends that trial court was in error in allowing State's expert witness Browne to testify that State's Exhibit 2 was marihuana and allowing said exhibit to be introduced into evidence because of broken custodial chain.

Deputy Sheriff Florey arrested appellant after appellant dropped a plastic bag with two cigarettes in it, a match box and two or three other cigarettes on the ground in the presence of Officers Florey and Griggs in Greenville. Officer Florey placed two of the cigarettes and some of the substance in a plastic container and mailed them by certified mail to the Department of Public Safety in Austin on February 9, 1969. Department of Public Safety Chemist Browne received an envelope in Dallas, on February 14, 1969, addressed to Mr. George Browne, Chemist, Department of Public Safety, Post Office Box 28007, Dallas 75228, with a return address of Joe Florey, Chief Deputy, Hunt County Sheriff's Office, Post Office Box 226, Greenville, Texas. The envelope had also been addressed to Joe Tisdale, Chief, Identification and Criminal Records Division, Texas Department of Public Safety, Austin, Texas, but this address had been marked out. The envelope was admitted into evidence and reflects an Austin postmark of February 11, 1969. Witness Browne testified that an analysis of the contents of the envelope revealed same to be marihuana. Witness Browne further testified that a submission form was inside the envelope which indi-

cated the case and that it was from Officer Florey. Officer Florey did not place any identifying marks on the cigarettes or on the plastic box in which the substance and cigarettes were mailed. Officer Florey testified, "it looks like the same box", (when asked about the plastic box); "I assume them to be", (when asked about the two cigarettes received by the chemist); "it looks like the same amount of stuff and same kind"; "it looks like the same envelope that I mailed from Hunt County Sheriff's Office to the Department of Public Safety in Austin."

Browne testified, "I cannot testify the envelope was not opened in Austin." "I wasn't in Austin when it was received if it was received." "The only thing that would be of my own knowledge is what I did personally, and I did testify it came in the U.S. Mail and I made the analysis and found it to contain marijuana."

Officer Florey testified that a return receipt was requested when the envelope was mailed by certified mail to Austin, that such a receipt showing delivery was received, and that it was in the possession of the District Attorney. Witness Browne testified that the certified mail stamp had been scratched out and the envelope came to him by regular mail.

The State cites McAllister v. State, 159 Tex.Cr.R. 57, 261 S.W.2d 332, where the officer furnished the tube for the blood, saw the blood come out of defendant's arm, put the lid on the tube, sealed it and mailed it to Austin and identified the test tube exhibited on trial by the chemist as the same tube he sent to Austin. The chemist testified he received the tube through the mail and gave the result of his analysis. This court held that the sample of blood had been sufficiently traced through the mail into the hands of the chemist in Austin. On appellant's motion for rehearing, this court noted that the officer had marked and tagged the tube containing the blood

specimen before it was mailed to Austin and said that some credence should be given his testimony when he was handed a tube on trial and said that it was the one containing the sample of blood taken from the appellant. See Baker v. State, Tex. Cr.App., 399 S.W.2d 561.

In Wright v. State, Tex.Cr.App., 420 S. W.2d 411, it was contended that the chain of custody was broken because the cigarettes were shown to have been in the chemical laboratory three weeks before any test was made, part of which time they were lying on top of the chemist's desk and on top of a spectograph, and people were free to come and go in the laboratory. The chemist testified that the exhibits were in his possession during such time. This court held that the objection went to the weight rather than the admissibility.

In the instant case, the officer did not place any identifying marks on the cigarettes, the substance or the container in which they were mailed. He was unable to make a positive identification of same at the trial. The envelope in which they were placed was mailed to Austin. When it ultimately reached Dallas, the chemist who received same could not testify that the envelope had not been opened. There is no testimony as to what happened to the envelope when it reached Austin. No witness testified that the envelope and its contents were under his supervision and control when it reached Austin. We conclude that the combination of these circumstances sustain appellant's first ground of error.

In light of the disposition made herein, appellant's other contentions will not be discussed.

The judgment is reversed and the cause remanded.

Opinion approved by the court.