**Lyle Wayne MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45528.

Court of Criminal Appeals of Texas.

Jan. 10, 1973.

James Lynn Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for sale of marihuana. Punishment was assessed by the jury at thirty-five years.

Appellant's sole contention is that the court was in error in admitting into evidence State's Exhibit No. 1, identified as marihuana, in that there was a break of custodial chain.

Officer Collins of the Dallas Police Department testified that he purchased a baggie of marihuana from appellant for fifteen dollars on December 3, 1970. After purchasing the marihuana, Collins placed his initials "L. W. C." and the date "12-3-70" on the baggie, put the baggie in a brown envelope and placed same in the "locked-evidence box" at the police department. Collins identified the baggie of marihuana at trial and testified that it was in substantially the same condition as when it was placed in the evidence box.

Officer Woodall of the Dallas Police Department testified that he removed the baggie of marihuana from the locked-evidence box on December 8, 1970, placed his initials "H. T. W." on same and took the baggie to the Dallas Criminal Investigation Laboratory where he turned same over to one R. N. Heaton, a chemist at the laboratory.

Heaton testified that he received the baggie and its contents from Officer Woodall on December 8, 1970, analyzed same and found the contents to be marihuana. Heaton further testified that the baggie of marihuana was kept in a locked storage

unit at the laboratory until the day of the trial.

The testimony of Officer Woodall reflected that three other officers had keys to the evidence box at the police station and Heaton testified that keys to the box where the exhibit was kept at the laboratory were available to him and three other officers.

Appellant urges that no person who testified had the necessary custody, supervision and control of the exhibit in question at either the police station or the laboratory.

Appellant relies on Easley v. State, Tex. Cr.App., 472 S.W.2d 128, where the officer failed to place identifying marks on the evidence or the container in which it was mailed to Austin and was unable to make a positive identification of same at trial. Further, in Easley, the evidence was mailed to a laboratory in Austin but ultimately reached a laboratory in Dallas where it was analyzed. The chemist who received same in Dallas could not testify that the envelope containing the evidence had not been opened and no one testified as to what occurred when the package reached Austin. This Court, in Easley, concluded that under the foregoing combination of circumstances, the evidence was inadmissible.

Unlike Easley v. State, supra, Officer Collins, who obtained the evidence from appellant, marked same with identifying marks and was able to state at the trial that it was the baggie of marihuana he had purchased from appellant. See McAllister v. State, 159 Tex.Cr.R. 57, 261 S.W.2d 332. The exhibit in question was identified at trial by Officer Woodall who removed the same from the lock box at the police station where Collins testified he had placed it and by Chemist Heaton who received the same from Woodall at the laboratory. Thus, the evidence sufficiently identifies and traces the chain of custody of the exhibit in question. See Walker v. State, Tex.Cr.App., 470 S.W.2d 669; Gutierrez v. State, Tex.Cr.App., 422 S.W.2d 467.

While three officers other than Woodall may have had keys to the evidence box at the police station and three persons other than Heaton may have had access to the locked container at the laboratory, there is no showing that the exhibit had been tampered with or changed in any way. The evidence having sufficiently identified and traced the chain of custody of the exhibit, absent a showing of the exhibit being tampered with or changed, appellant's objection goes to the weight rather than the admissibility of the evidence. See Witt v. State, Tex.Cr.App., 475 S.W.2d 259; Walker v. State, supra; Wright v. State, Tex. Cr.App., 420 S.W.2d 411.

The judgment is affirmed.

Opinion approved by the Court.