Sylvester **MORGAN** and Rubin Lee Morgan,
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45675.

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Shelly P. Hancock and J. Michael Askins, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Henry Oncken, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery; the punishment to each appellant, fifteen (15) years.

■ The first ground of error for each appellant is that the court infringed upon his right to a public trial when the following occurred during the examination of a witness:

"THE COURT: I am getting a little help from somebody in the audience. The man in the red shirt is doing a lot of bowing and scraping and he seems to agree with you [Defense Counsel].

Mr. Bailiff, find out who that man is. He is looking down my eyes.

"SPECTATOR IN THE AUDIENCE: I am from the hometown.

"THE COURT: Get out of here."

There is no showing in this record that this "hometowner" was actually ejected from the courtroom and certainly no showing that anyone was deprived of a public trial. There is clearly no merit in the first ground of error.

■ Appellant Sylvester Morgan's second ground of error is that reversible error is reflected by a comment of the trial judge. While Sylvester was testifying his

attorney objected to a question propounded by the prosecutor as follows:

> "MR. HANCOCK: I object again. May I have a running objection to it, Judge?
>
> "THE COURT: I guess you may have. Looks like you may need it.
>
> "MR. HANCOCK: I object to the court's comment on the weight of the evidence.
>
> "THE COURT: I am not commenting at all.
>
> "MR. HANCOCK: Ask the jury to disregard your comment.
>
> "THE COURT: If they want to, they may. I instruct you to disregard it."

We are at a complete loss to ascertain how this, the above, could constitute a comment on the weight of the evidence.

Next, both appellants claim if we properly understand their contention, that a certain box was improperly admitted in evidence where the officer through whom it was offered was unable to trace the chain of custody following its seizure and prior to its offer in evidence.

We quote from the voir dire examination of Officer Dickerson in questioning by Sylvester Morgan's attorney:

> "Q Are your initials on that box, Officer?
>
> "A I don't see them anywhere.
>
> "Q All you can testify to is it is similar to the box you saw out there on Bigwood [Street], correct?
>
> "A That is the same box.
>
> "Q Are your initials on it?
>
> "A No.
>
> "Q How do you recall that is the same box?
>
> "A I recognize it. We have had it in our custody in the property room from the time it was recovered until it was here, in trial.
>
> "Q Where has it been in the last 24 hours?
>
> "A In the possession of the Court, I assume.
>
> "THE COURT: Objections overruled."

We note initially that the box was not admitted in evidence and the Court finally instructed the jury to disregard the testimony which had been offered. It would appear that all parties understood the trial court's last ruling which declined to admit the box in evidence, because an examination of the argument reveals that no mention was made of the box or its contents.

Since the exhibits in question were not introduced in evidence, their chain of custody need not be shown. However, appellant's reliance upon Easley v. State, Tex.Cr.App., 472 S.W.2d 128, will be discussed. In Easley, supra, the sending officer failed to positively identify the exhibit and there was a failure to show that the exhibit finally reached the place of examination without alteration. In Easley, supra, we discussed Wright v. State, Tex. Cr.App., 420 S.W.2d 411, where it was contended that the narcotics exhibits were open to others while in the custody of the chemist. We concluded that this contention went to the weight rather than the admissibility of the exhibits. In the case at bar, Dickerson had possession of the exhibit from the time of seizure until the time of its introduction. Wright v. State, supra, is here controlling.

Finding no reversible error, the judgment is affirmed.