**Robert Floyd MONTGOMERY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47644.**

Court of Criminal Appeals of Texas.

March 6, 1974.

Rehearing Denied March 27, 1974.

Van Ballew, Dallas, for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

This appeal is from a conviction for the offense of the sale of heroin wherein punishment was enhanced under the provisions of Art. 63, Vernon's Ann.P.C., to life imprisonment.

Initially, appellant contends that the trial court erred in admitting the heroin and its containers into evidence for the reason that chain of custody had not been proper-

ly established, and since the exhibits could not be identified. We reject this contention. Officer Lonnie Watson, an undercover agent for the Dallas Police Department testified that on October 20, 1971, he purchased a gram of heroin from appellant for $40.00. He further testified that after the purchase he placed the heroin and its container into a plastic bag which he initialed and turned over to Officer Ball of the Dallas Police who was assisting him in this operation. Watson identified the plastic bag bearing his initials as being the same one used on October 20, 1971 as a container for the heroin.

Officer Ball testified that he took the plastic container from Watson and placed it in a brown envelope. This envelope was then deposited by Ball in a locked evidence box at the Dallas Police Department. Ball likewise identified the plastic container by his initials. Officer Dale Hankins testified that he took the envelope from the evidence box and delivered it to Officer J. F. Price who was the receiving officer for the Dallas Criminal Investigation Laboratory. Price subsequently testified that he received the envelope from Hankins and, after initialing it, he turned it over to Dr. Mason, the Director of the laboratory. Mason then testified that the powder-like substance was analyzed under his control and supervision and that, as a result of this analysis, it was determined that the substance was heroin.

Appellant urges that two "breaks" in the chain of custody are apparent in the record. The first, he asserts, stems from the fact that the plastic container which Watson had placed the heroin in was empty when it was introduced into evidence at the trial and that a glassine container filled with a powder-like substance was attached thereto. None of the witnesses save and except Dr. Mason were able to identify the glassine container. Mason testified that such containers were normally used in his laboratory to package the residue of a substance after analysis. Secondly, appellant contends that there was no testimony elicited by the State to demonstrate in what manner the evidence was safeguarded during the time span between analysis in the laboratory and the time of the trial.

■ In regard to the first point concerning the glassine container, appellant urges that this situation is analogous to that in Easley v. State, 472 S.W.2d 128 wherein this Court reversed a possession of marihuana conviction due to a total collapse of the chain of custody of the evidence involved therein. In *Easley*, no identifying marks were placed on the illicit marihuana cigarettes or their containers; the prosecution's chief witness was unable to identify the substance or the container; the evidence was mailed to Austin but eventually ended up in Dallas at the Department of Public Safety laboratory; the chemist who received the evidence in Dallas could not testify that it had not been tampered with; and there was no testimony as to what happened to the evidence when it reached Austin. The facts just recited bear no resemblance to those here and *Easley* is not controlling. Here, the chain of custody to the laboratory was unbroken and only the facts surrounding the origin of the glassine container were in doubt. This, however, was sufficiently explained by Dr. Mason's testimony. In regard to that portion of the chain of custody from the time of the analysis at the laboratory to the time of the trial, nothing is shown by appellant to suggest that the evidence was tampered with. Therefore, any *objection to the admission of these exhibits* went to the weight to be given to the evidence by the jury rather than its admissibility. Mitchell v. State, Tex.Cr.App., 488 S.W.2d 786; Boss v. State, Tex.Cr.App., 489 S.W.2d 582, and Darrow v. State, Tex.Cr.App., 504 S.W.2d 416 (1974).

■ Appellant next contends that the trial court erred in permitting the State to use the two prior felony convictions al-

leged in the indictment for the purpose of enhancement because he contends they were also used to enhance the punishment in another case tried at the same time. The judgment and sentence, if any, from the other cause are not shown in this record.

There is no showing that the same prior convictions were, in fact, successfully used against appellant in the other case. Therefore, there is nothing to support appellant's position.

Ground of error number two is overruled.

In his ground of error number three, appellant in a two sentence argument insists that the court erred in failing to give four requested charges. Appellant does not direct us, however, to any particular evidence contained in the record that would have supported these jury charges. Nothing is presented for review. Simmons v. State, Tex.Cr.App., 504 S.W.2d 465 (1974); McElroy v. State, Tex.Cr.App., 455 S.W.2d 223.

Appellant's final ground of error charges that the trial court erred in admitting, at the punishment stage of the trial, evidence of prior convictions which had not been alleged in the indictment. Evidence of appellant's prior criminal record is admissible under the provisions of Article 37.07, Vernon's Ann.C.C.P., and there is no necessity that convictions used for this purpose be alleged in the indictment. Martinez v. State, Tex.Cr.App., 469 S.W.2d 185; Pendleton v. State, Tex.Cr.App., 434 S.W.2d 694; Hathorne v. State, Tex.Cr.App., 459 S.W.2d 826.

Appellant has filed a pro se brief in which he raises grounds of error which are substantially identical to those raised in his counsel's brief. We have carefully considered them and find no reversible error.

The judgment is affirmed.

Opinion approved by the Court.