Romeo S. SAENZ, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–049–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 18, 1982.

Discretionary Review Refused June 23, 1982.

Donald E. Ervin, Houston, for appellant.

Thomas R. Culver, III, Asst. Dist. Atty., Richmond, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ..

J. CURTISS BROWN, Chief Justice.

This appeal is from a conviction for possession of marihuana. The questions presented are (1) whether the indictment should have been dismissed in accordance with the Speedy Trial Act; (2) whether the search which produced the marihuana admitted into evidence at trial was a legal search; (3) whether the rights of appellant to a "*Jackson v. Denno* hearing" were violated; and (4) whether the State proved an unbroken chain of custody concerning the marihuana that was admitted into evidence. We reverse and remand for violation of appellant's rights to a "*Jackson v. Denno* hearing."

On the evening of March 27, 1978, Texas Ranger Ray Scholton (Scholton) was trot-line fishing with his wife on the 4444 Ranch in Fort Bend County, Texas. Scholton had an agreement with the owner of the ranch which permitted him to fish there if he watched over and protected the property. There had been some recent problems in the area involving breaking and entering of buildings, theft, and butchering of cattle. Scholton was not aware of any other person with authority to be on the ranch that night.

Around midnight Scholton noticed some lights near a grass landing strip on the ranch. He moved within 100–200 yards of the activity from which point he saw a pickup truck with a camper and a light-colored Cadillac. He left the ranch via Guyler Road and drove several miles to Simonton, Texas, where he telephoned the Fort Bend County Sheriff's Department. He then drove back down Guyler Road to the outskirts of the ranch, pulled off the road and turned off his lights. Scholton saw two vehicles near the landing strip facing each other with their lights on and a low flying aircraft circling overhead.

He left a second time and drove approximately four miles to his home in Wallis, Texas, where he phoned Fort Bend County Deputy Sheriff Larry Lee (Lee). Scholton exchanged his personal vehicle for his unmarked Texas Ranger automobile which was equipped with a police radio. Around 2:00 a. m., March 28, Scholton met Lee at Barney's Store at the intersection of Guyler Road and F.M. 1093, about two miles from the ranch. Scholton's wife was still with him. The three of them, in Scholton's vehicle, went back down Guyler Road toward the ranch and parked by an abandoned church with their lights off. They saw two vehicles proceeding toward them on Guyler Road immediately outside a gate to the ranch. The two vehicles passed them heading north on F.M. 1093.

Proceeding initially with his lights off, Scholton followed the pickup and Cadillac east on F.M. 1093 through Simonton, Texas, to Fulshear, Texas. At Fulshear the Cadillac continued east on F.M. 1093 toward Houston while the pickup turned north on F.M. 359 toward Brookshire. Scholton was trying to make radio contact with a marked police unit to stop both vehicles but was unsuccessful. About one mile north of Fulshear the pickup pulled over and stopped. Scholton pulled in behind it. He and Lee approached the vehicle with their weapons ready because of concern for their personal safety. As Lee approached within several feet of the rear corner of the truck, he noticed the strong smell of raw marihuana coming from the camper. Scholton identified himself and ordered everyone out of the truck to a position where he could watch them. The truck was occupied by two men and their wives. One of the men was Romeo S. Saenz (Saenz or appellant).

Saenz claims the pickup stopped because the vehicle that was following it moved up very close and then dropped back a number of times. Scholton and Lee claim they did nothing to cause the pickup to stop. While walking around the truck, Scholton saw a tarpaulin covering some type of cargo through the rear window of the camper. He thought the tarpaulin might be covering some contraband. In the subsequent search of the camper he recognized the distinctive smell of unburned marihuana after the tarpaulin had been lifted. Six large sacks of marihuana weighing 319 pounds and 8 ounces were discovered in the camper under the tarpaulin.

Saenz and his companions were then arrested for possession of marihuana and taken to the Fort Bend County Jail. While in custody Saenz signed a statement in which he confessed to being a member of a conspiracy to bring marihuana into this country from Mexico. He further confessed to his participation in the activity witnessed by Scholton which was pursuant to the conspiracy and formed the basis of his arrest. Saenz was indicted by a grand jury on March 28, 1978, for intentional and knowing possession of a usable quantity of marihuana greater than four ounces.

After a motion for severance was granted, Saenz was tried individually before a jury beginning on April 23, 1979. The trial resulted in a conviction consistent with the charge. Saenz was sentenced to confinement in the Texas Department of Corrections for eight years and to payment of a fine in the amount of $5000. Appeal was perfected to this Court.

Appellant brings six grounds of error. He contends the trial court committed reversible error (1) by refusing to dismiss the indictment under the terms of the Speedy Trial Act; (2) by allowing marihuana seized during an illegal search to be admitted into evidence; (3) by failing to hold a hearing outside the presence of the jury to determine the voluntariness of the confession which was admitted into evidence; (4) by allowing the marihuana concerning which the State had failed to show an unbroken chain of custody to be admitted into evidence; (5) in failing to grant a mistrial on the basis of a witness' unresponsive answer stating appellant had a prior federal narcotics conviction; and (6) in refusing to include in the charge to the jury requested language allowing the jury to find appellant guilty of possessing an amount of marihuana consisting of less than four ounces.

In his first ground of error appellant asserts he was entitled to a dismissal of the indictment from this cause under Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp. 1980–1981), which provides as follows:

Section 1. A Court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony; ....

In *Wade v. State*, 572 S.W.2d 533 (Tex.Cr. App.1978), the Court of Criminal Appeals held the Speedy Trial Act applied to criminal cases such as this case that were pending on July 1, 1978, the effective date of the Act. For these cases time periods which are determinative under the Act run from its effective date. The Speedy Trial Act has been further interpreted in *Barfield v.*

*State*, 586 S.W.2d 538, 541 (Tex.Cr.App. 1979), as being addressed to "prosecutorial delay rather than the judicial process as a whole," and in *Fraire v. State*, 588 S.W.2d 789 (Tex.Cr.App.1979), the Court of Criminal Appeals held that an announcement of ready by the State within the 120 day period is a prima facie showing of compliance.

The record before us contains a Notice of Resetting dated September 11, 1978 which is signed by appellant's trial counsel and the prosecutor. The form contains the following language:

> In accordance with Art. 32A.02 C.C.P. the State now announces that it is ready for trial in the case(s) noted above.

The record also contains docket sheets from the court containing a notation on October 9, 1978 that the State announced ready and that the case was put on standby. Each of these instances was within the 120 day period, and each represents at least a prima facie showing of compliance with the Speedy Trial Act.

■ Appellant can rebut a prima facie showing by evidence demonstrating the State was not ready for trial during the time limitation.

> This evidence can be from any source including cross-examination of those responsible for preparing the state's case, and may consist of, among other things, a demonstration that the state did not have a key witness or piece of evidence available by the last day of the applicable time limit so that the state was not ready for trial within that time limit.

*Barfield v. State, supra*, 586 S.W.2d at 542. There is testimony taken at several hearings on appellant's motions to dismiss. While it establishes that the State did not have witnesses in court on the dates the announcements of ready were made, it also establishes that the State was in a position to issue subpoenas and have its witnesses ready at any reasonable time thereafter when the court felt the case could be reached. We hold such a showing by appellant does not rebut the prima facie showing of compliance with the Speedy Trial Act made by the State. On the contrary, it establishes conclusively that the State was

actually ready for trial within the intent of the Act. Appellant's first ground of error is overruled.

In his second ground of error appellant asserts the marihuana admitted into evidence was the product of an illegal search. This ground is based on his contentions that the arrest was without probable cause, that the search of the vehicle he was in just prior to arrest was without probable cause, and that no exigent circumstances existed which would obviate the necessity for a search warrant.

"Probable cause is the standard by which a particular decision to search is tested against the constitutional mandate of reasonableness" found in the U.S.Const. amend. IV and made applicable to the states through U.S.Const. amend. XIV. This standard is a variable one which considers the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security. *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 534, 87 S.Ct. 1727, 1733, 18 L.Ed.2d 930 (1967); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In *Brown v. State*, 481 S.W.2d 106 (Tex.Cr. App.1972), the Court of Criminal Appeals stated that intrusions by government officials may be justified under the United States and Texas Constitutions upon a showing that the facts of a case present any one of the three following classes of probable cause: probable cause to arrest, probable cause to search, and probable cause to investigate.

■ We analyze the situation before us as first involving a temporary detention for purposes of investigation. "Probable cause for an officer to detain a person temporarily for investigative purposes exists where the circumstances reasonably indicate that that particular person either has or is preparing to commit a crime." *Brown v. State, supra* at 110. Considering the history of problems in the area, the activity witnessed by Scholton at the ranch, and the time of night, the officers were presented with a situation justifying further investigation for possible criminal activity. *See*

*United States v. Cortez,* 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). At this time Scholton was not in possession of knowledge which would have justified an arrest.

Appellant contends that since the officers immediately held weapons on the occupants of the truck they were under arrest. However, the occupants were not informed they were under arrest at this time and the testimony of the officers was that they would not have let the occupants go *until they had discovered what was going on.* The detention at this point was clearly a temporary one for investigative purposes, and the weapons were justified for the protection of the officers.

■ Upon approaching the vehicle Lee smelled raw marihuana. This discovery during the course of a legal investigation provided probable cause for the officers to search the vehicle and its occupants. *Attwood v. State,* 509 S.W.2d 342 (Tex.Cr.App. 1974); *See also Onofre v. State,* 474 S.W.2d 699 (Tex.Cr.App.1972). "Probable cause for a search exists where the facts and circumstances within the knowledge of the officer on the scene and of which he has reasonably trustworthy information would lead a man of reasonable caution and prudence to believe that he will find the instrumentality of a crime or evidence pertaining to a crime." *Brown v. State, supra* 481 S.W.2d at 110. *See also Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

■ Having found the contraband pursuant to a legal search, the subsequent arrest of the appellant was an arrest incident to a legal search. The only question remaining under this ground of error concerns the fact that a warrant was not obtained prior to the search. Appellant contends there must be a showing of exigent circumstances.

The Supreme Court of the United States first considered a similar question to that before us during prohibition. In *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), federal agents and state policemen stopped a car traveling on the highway. They had probable cause to believe the automobile contained illegal liquor.

The car was searched and the expected contraband was found hidden in the upholstery. Such a warrantless search and seizure was upheld.

On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of the circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens. *Carroll v. United States, supra* at 149, 45 S.Ct. at 283. The court further held as follows:

... the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect to which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the location or jurisdiction in which the warrant must be sought.

*Carroll v. United States, supra* at 153, 45 S.Ct. at 285. This holding formed the basis of the "moving vehicle" exception to the warrant requirement of the United States and Texas Constitutions. *Moulden v. State,* 576 S.W.2d 817 (Tex.Cr.App.1978); *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). We are of the opinion that this exception is controlling.

The situation before us contains contraband which was believed to be in the vehicle after Lee smelled it. Immediately before obtaining this information which gave them probable cause to search, Scholton and

Lee were in no position to comply with the warrant statutes. They did not know what they would find. Absent the fruits of the search there would have been no lawful basis for taking custody of the occupants of the vehicle so as to prevent its further movement while a search warrant was being sought. Therefore, we hold the warrantless search of the vehicle which yielded the marihuana was based on probable cause and, therefore, legal. It was not error for the trial court to admit the marihuana into evidence. Appellant's second ground of error is overruled.

In his third ground of error appellant contends he was denied his right to a determination of the voluntariness of his confession without the presence of the jury. Tex. Code Crim.Pro.Ann. art. 38.22 § 6 (Vernon 1979), provides in pertinent part:

> In all cases where a question is *raised* of voluntariness of a statement of an accused, the court *must* make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. (emphasis added)

This quoted provision embodies the constitutional requirements articulated in *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

The first question we must address is whether the issue of voluntariness was raised. In *Moore v. State*, 505 S.W.2d 887, 889 (Tex.Cr.App.1974), the Court of Criminal Appeals stated:

> The objection challenging the voluntariness of the confession or statement even without a specific request for a hearing outside the presence of the jury sufficiently raised the question making it incumbent upon the Court to comply with the requirements of Article 38.22.

In *Figueroa v. State*, 473 S.W.2d 202, 204 (Tex.Cr.App.1971), the Court of Criminal Appeals held that despite the lack of a formal request for such a hearing, the nature of repeated objections, and a voir dire examination of the officer who had taken the statement in the presence of the jury were sufficient circumstances "to cause an awareness on the part of the trial court

that counsel was questioning admissibility on the ground of involuntariness."

■ In the case before us no pre-trial motion concerning the issue of voluntariness was filed. When the confession was about to be introduced the trial judge stated that he believed a matter of law had arisen which would require the jury to be removed. Out of the presence of the jury appellant's counsel clearly indicated he was concerned about the voluntariness of the confession. The prosecutor stated it was his position that appellant was not entitled to a hearing on the issue outside the presence of the jury unless a motion requesting the voluntariness had been filed. After many side bar remarks between counsel on the matter, the judge recalled the jury. Subsequently, numerous objections were made to the confession and the officer who took the confession was taken on voir dire by appellant's counsel in the presence of the jury. These circumstances should certainly have put the trial court on notice that the issue of voluntariness was being raised. *Page v. State*, 614 S.W.2d 819 (Tex.Cr.App. 1981).

Having concluded under the facts of this case that the issue of voluntariness of the confession was raised, it was error for the trial court to fail to proceed with a hearing out of the presence of the jury for a primary determination of the voluntariness of the confession in accordance with Tex.Code Crim.Pro.Ann. art. 38.22 § 6 (Vernon 1979), and the Constitution of the United States. Appellant's third ground of error is sustained.

■ The State requests that we abate the appeal and allow the trial judge to file specific findings of fact in accordance with Tex.Code Crim.Pro.Ann. art. 38.22 § 6 (Vernon 1979), which would support a conclusion that the trial judge found the confession to be voluntary. *McKittrick v. State*, 535 S.W.2d 873 (Tex.Cr.App.1976). However, this procedure has been adopted only in cases where a determination was unquestionably made by the trial judge and only the detailed findings of fact required by the statute to support the determination were

lacking. The situation before us is distinguishable in that no hearing was held and no conclusion was arrived at or announced by the trial court. We cannot grant what would amount to a separate hearing or determination on the evidentiary issue of the voluntariness of the confession. *Lopez v. State*, 384 S.W.2d 345 (Tex.Cr.App.1964). We must grant appellant a new trial.

■ In his fourth ground of error appellant contends the trial court committed error in admitting the marihuana into evidence because an unbroken chain of custody was not shown by the State. The testimony before us reveals that Lee took custody of the six bags of what appeared to be marihuana at the scene. The bags were tan with the words "Matamoros Fertilizer Co." in red lettering and were made of a "burlap plastic." Lee remained with the evidence until it was turned over to Officer Stewart of the Department of Public Safety (D.P. S.). Stewart and Agent Hammonds transported the marihuana to the D.P.S. Regional Headquarters where they used masking tape to place their initials and the date on the bags and locked them up. Stewart testified that he and Hammonds returned several days later and took two bags of the marihuana to the D.P.S. laboratory in Austin, Texas. There the bags were turned over to Dennis Ramsey a D.P.S. chemist. Based on his own identifying numbers and initials on the bags, Ramsey testified that the two bags admitted into evidence were those brought to him by Stewart.

Appellant points out that when Stewart tried to identify the bags in court he had trouble determining whether the date read "3–28–78" or "2–28–78." Appellant also notes that when Lee testified and attempted to identify the bags he could not locate his initials on the bags. He did, however, testify that the bags appeared to him to be the same bags recovered from the camper.

The Court of Criminal Appeals has long held that absent any showing that exhibits have been tampered with or changed in any manner, the fact that a remote possibility exists that the evidence is not the same evidence in the same condition as at the scene of the crime goes to weight rather than to the admissibility of such evidence. *Wright v. State*, 420 S.W.2d 411 (Tex.Cr. App.1967); *Walker v. State*, 470 S.W.2d 669 (Tex.Cr.App.1971); *Witt v. State*, 475 S.W.2d 259 (Tex.Cr.App.1972); *Mitchell v. State*, 488 S.W.2d 786 (Tex.Crim.App.1973); *Kilburn v. State*, 490 S.W.2d 551 (Tex.Cr. App.1973); *Mendoza v. State*, 552 S.W.2d 444 (Tex.Cr.App.1977).

The case of *Bueno v. State*, 501 S.W.2d 339, (Tex.Cr.App.1973), applies this rule to conflicts in testimony such as we have before us. The testimony clearly establishes a sufficient chain of custody to be admissible. Any minor conflicts in the testimony of different witnesses involved goes to weight of the evidence and not to the admissibility. Appellant's fourth ground of error is overruled.

It is not necessary that we address appellant's fifth ground of error relating to a statement made by a witness indicating appellant had a prior federal narcotics conviction in view of the fact that we must already remand the cause for a new trial.

■ Finally, appellant complains of the trial court's action in refusing to charge the jury that they could find the appellant guilty of possession of under four ounces of marihuana. A charge is not required on a lesser included offense unless there is evidence which raises the issue of whether the accused is guilty *only* of that offense. *Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App. 1979). In the case before us the only evidence concerning the amount of marihuana recovered from the camper established it in excess of 300 pounds. There is no evidence before us that appellant was guilty only of possession of a usable quantity of marihuana under four ounces. Appellant's contention is without merit, and his sixth ground of error is overruled.

In view of our sustainment of appellant's third ground of error the judgment of the trial court must be reversed and the cause remanded for a new trial in accordance with this opinion.

Reversed and remanded.