IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-161-CR




ANDREW RICHARDS, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 18,344, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING



 





 Appellant waived a jury trial and entered a plea of not guilty before the court to the
offense of possession of cocaine with the intent to deliver. Appellant brings this appeal asserting
that the evidence is insufficient to support his conviction, and in four additional points of error,
appellant urges that the trial court erred in admitting evidence unlawfully obtained, in refusing to
require the State to identify an unnamed informer, and in admitting in evidence the cocaine for
which a proper chain of custody was not shown. The judgment will be affirmed.

 An unnamed informer told Tommy Roach, a city of Rockdale police officer, that
appellant and Clarence Crawford were selling crack cocaine out of appellant's car which was
parked on a city street in front of Emma's Beauty Shop. Officers Roach and Stan Powell, who
knew appellant and Crawford, armed themselves with an arrest warrant and a capias pro fine
which they knew had been issued for appellant's arrest for other offenses. The officers went to
the place where the informer said appellant was selling cocaine. The officers were in uniform and
in marked cars, and when they approached appellant's car, appellant and Crawford walked away
from appellant's car in opposite directions. Powell with the arrest warrant and the capias pro fine
attempted to arrest appellant and Roach stopped Crawford. Crawford dropped a cellophane
wrapper which Roach required him to recover and hand to Roach. Roach believed the white
residue on the cellophane was cocaine. Roach asked Crawford to wait where he was standing
because Powell needed Roach's assistance to arrest appellant who was struggling and resisting
arrest. Appellant, after he was subdued, was taken to the city jail. He had no contraband or
money on his person, but had the ignition keys for his car. Appellant left his car doors locked. 
Appellant had claimed ownership of the car sometime before the day of appellant's arrest when
appellant had asked and obtained Roach's assistance in unlocking the car in which he had locked
his keys. 

 After appellant's arrest, the officers had appellant's car towed to the police station
parking lot and obtained a search warrant to search the car. In their search the officers found
under the console a cellophane bag containing six pieces of a white solid substance that appeared
to them to be crack cocaine. The officers also found in the car a brown paper sack containing a
white powdery residue, a razor blade, a copper tube, and a box of corn starch.

 Crawford testified that he and appellant were selling "crack" out of appellant's car
on the day they were arrested. However, Crawford testified that the only crack cocaine that he
knew the appellant possessed was in the pocket of a coat which appellant threw against a fence
while he was struggling with the officers. The officers did not take possession of the abandoned
coat. Crawford testified that he was unaware of any cocaine that was found under the console of
appellant's car.

 Steve Tindall testified that earlier in the day before appellant was arrested he rode
around in appellant's car with appellant and Crawford and that they smoked crack cocaine. They
were looking for appellant's brother hoping to find more cocaine. Tindall denied knowing that
there was cocaine under the console of appellant's car.

 Joel Budge, a chemist employed by the Department of Public Safety, analyzed the
substance found in appellant's car and testified that the substance was .38 grams of cocaine.

 Appellant offered the testimony of his wife Clara, who was serving a felony prison
sentence, and the testimony of a bail bondsman. They testified that Clara had been offered a deal
to dismiss charges against her if she would help "set-up" her husband for a criminal charge and
conviction. The bail bondsman testified:



A: I recall talking to Renae [Clara Renae Richards] about that particular case,
but I do not recall the actual words of the conversation. I can vividly
recall, as I told you earlier, but I can't remember everything that was said
but I do believe I went over to Rockdale to talk to Renae specifically about
that case. I can remember vividly something to do with some type of
bargain or some type of deal that the D.A. was going to make her for in
return of some type of testimony against Andre, but I can't remember
what it was in detail.



Their testimony failed to persuade the trial court. The defense offered the testimony of several
other witnesses whose testimony did not appear to add or detract from appellant's defensive effort. 
Appellant testified that the contraband found in his car was not his and that he saw it for the first
time in the courtroom. Appellant admitted that he was buying the car and that no one other than
he had a right to possession of the car in which the cocaine was found. Appellant accused
Crawford of "setting him up" for arrest.

 In point of error five, appellant urges that the evidence is insufficient to sustain his
conviction because there are "insufficient affirmative links between the appellant and the
contraband." In reviewing the legal sufficiency of the evidence, the relevant question is whether,
after reviewing the evidence in light most favorable to the State, any rational trier of fact could
have found the essential elements of the criminal offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
When the State relies on circumstantial evidence, an appellate court no longer applies the
reasonable hypothesis analytical construct. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991); Mack v. State, 859 S.W.2d 526 (Tex. App.--Houston [1st Dist.] 1993, no pet.).

 In proving possession of a controlled substance, the State must prove that the
accused exercised control, management, and care over the substance and that accused knew the
matter possessed was contraband. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App.
1988); Cude v. State, 716 S.W.2d 46 (Tex. Crim. App. 1986); Parr v. State, 864 S.W.2d 132
(Tex. App.--Houston [14th Dist.] 1993, pet. ref'd); Castellano v. State, 810 S.W.2d 800 (Tex.
App.--Austin 1991, no pet.). When the accused is not shown to have exclusive possession of the
place where the contraband is found, the evidence must affirmatively link the accused to the
contraband. Polland v. State, 612 S.W.2d 594 (Tex. Crim. App. 1981); Mills v. State, 847
S.W.2d 453 (Tex. App.--Eastland 1993, pet. ref'd). Numerous cases aid us in determining what
"affirmative links" will be sufficient to prove possession of a controlled substance. See, e.g.,
Deshong v. State, 625 S.W.2d 327 (Tex. Crim. App. 1981); Watson v. State, 861 S.W.2d 410
(Tex. App.--Beaumont 1993, pet. ref'd); Williams v. State, 859 S.W.2d 99 (Tex. App.--Houston
[1st Dist.] 1993, pet. ref'd); Whitworth v. State, 808 S.W.2d 566 (Tex. App.--Austin 1991, pet.
ref'd); Trejo v. State, 766 S.W.2d 381 (Tex. App.--Austin 1989, no pet.). The number of factors
present is less important than the logical force the factors have, alone or in combination, in
establishing the elements of the offense. Whitworth, 808 S.W.2d at 569; Trejo, 766 S.W.2d at
385. 

 The cocaine was found in the car which appellant owned and which he had been
recently driving. The car was locked and appellant possessed the key as he walked away from
the car. The cocaine was conveniently accessible to appellant in an enclosed place under the
console. There was also paraphernalia in the car. The evidence considered in the light most
favorable to the State would allow any rational trier of fact, in this case the trial court, to find that
all of the essential elements of the offense were proved beyond a reasonable doubt. The evidence
is sufficient to support appellant's conviction. Appellant's point of error five is overruled.

 In point of error two, appellant asserts that the affidavit used to obtain the warrant
to search appellant's car does not state sufficient facts to establish probable cause to authorize the
magistrate to issue the warrant. Therefore appellant argues the trial court erred in overruling the
motion to suppress and in admitting in evidence the cocaine seized in the search of appellant's car
authorized by the warrant. Appellant's contention is based on the alleged violation of federal
constitutional rights. He does not raise an issue of the violation of his state constitutional rights.

 The statements in the affidavit relied on to show probable cause follow:



3. A confidential non-paid informant who has been reliable in the past and is not
a member of the criminal element told me the following:


4. Two people known to the confidential informant as Andrew Richards and
Clarence Crawford have been seen with in the past twenty-four hours setting
in a white Oldsmobile 2 door, bearing Texas 138 MLF in possession of
cocaine, in rock form.


5. Confidential informant has seen the two above identified suspects selling
cocaine, in rock form inside the vehicle while it was parked on the North side
of Second Street in front of Emma's Beauty Shop.


6. Confidential informant is aware of what cocaine in rock form is, having
viewed what was confirmed to be cocaine.



 Appellant faults the affidavit because it fails to "say how the informant is credible." 
Further, appellant urges that statements made in the affidavit are conclusive in nature and: "It
does not state by whom the individuals were seen in possession of cocaine, whether the
confidential informant or some other unnamed person and does not demonstrate any basis of
knowledge of reliability to the magistrate."

 In Hennessy v. State, 660 S.W.2d 87 (Tex. Crim. App. 1983), the Court of
Criminal Appeals adopted the Illinois v. Gates, 462 U.S. 213 (1983) "totality of the
circumstances" test for reviewing the sufficiency of search warrant affidavits. In Gates, the
Supreme Court criticized lower courts interpretation of Aguilar and modified the holding of
Aguilar v. Texas, 378 U.S. 108 (1964), and said: "Perhaps the central teaching of our decisions
bearing on the probable-cause standard is that it is a 'practical, non-technical conception.'
. . . [.i]n dealing with probable cause, . . . as the very name implies, we deal with probabilities." 
Gates, 465 U.S. at 231 [citations and quotation marks omitted].

 Appellant incorrectly argues that the Gates "totality of the circumstances" test does
not overrule the two prongs of the Aguilar-Spinelli test. In Gates, it was said: "For all these
reasons, we conclude that it is wiser to abandon the 'two-pronged test' established by our
decisions in Aguilar and Spinelli in its place we reaffirm the 'totality-of-the-circumstances analysis
that traditionally has informed probable-cause determinations.'" Gates, 462 U.S. at 238.

 Although appellant cites Gates and post-Gates cases in his brief, he also cites,
quotes and relies upon Avery v. State, 545 S.W.2d 803 (Tex. Crim. App. 1977) and Caldera v.
State, 504 S.W.2d 914 (Tex. Crim. App. 1974), which were opinions based on Aguilar. These
cases are somewhat at odds with Gates and are not determinative of the issue before us.

 When the warrant-issuing magistrate in this case read the affidavit in a non-technical common sense manner as required by Gates, he could have reasonably understood that: 
An unnamed, non-paid informer, who "is not a member of the criminal element" (that is a law-abiding citizen), who can from prior experience identify crack cocaine, and whose information
in the past has been reliable, informed the affiant, a city of Rockdale police officer, that within
the last twenty-four hours the informer saw Andrew Richards and Clarence Crawford selling crack
cocaine from a car, which the informer described in detail, that was parked in front of Emma's
Beauty Shop on the north side of Second Street in the City of Rockdale.

 The Supreme Court has admonished and instructed reviewing courts:



[W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency
of an affidavit should not take the form of de novo review. A magistrate's
determination of probable cause should be paid great deference by reviewing
courts. A grudging or negative attitude by reviewing courts toward warrants, is
inconsistent with the Fourth Amendment's strong preference for searches
conducted pursuant to a warrant; courts should not invalidate warrant[s] by
interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner. 
Gates, 462 at 236 [citations and quotation marks omitted].



 It is arguable that in this case the officers could have lawfully searched the car
without obtaining a search warrant; however, they took a safer course to obtain a search warrant. 
The magistrate determined that there was probable cause and issued the warrant. We will accord
the magistrate's finding of probable cause the "great deference" it is due, and we will follow the
Supreme Court's instruction not to invalidate a warrant by interpreting the affidavit in a
hypertechnical, rather than a commonsense manner. United States v. Ventresca, 380 U.S. 102,
109 (1965). We hold that the affidavit within its four corners shows probable-cause for issuance
of the search warrant. The trial court did not err in overruling the motion to suppress and in
admitting the cocaine in evidence.

 In point of error one, appellant argues that: "The trial court erred in allowing and
asking questions regarding the conversation between police officers and the magistrate issuing the
search warrant as probable cause is to be determined from the four corners of the search warrant
affidavit." Since we have held that the affidavit on its face and within its four corners states
probable cause, we need not further discuss point of error number one and it is overruled.

 In his third point of error, appellant contends that the trial court erred in overruling
his motion for disclosure of the unnamed informer's identity. Rule 5.08 of the Rules of Criminal
Evidence provides that a "public entity" has a privilege to withhold the identity of an informer in
most circumstances. We quote that rule:



Rule 508. Identity of Informer


 (a)  Rule of privilege. The United States or a state or subdivision thereof has
a privilege to refuse to disclose the identity of a person who has furnished
information relating to or assisting in an investigation of a possible violation of a
law to a law enforcement officer or member of a legislative committee or its staff
conducting an investigation


 (b)  Who may claim.  The privilege may be claimed by an appropriate
representative of the public entity to which the information was furnished, except
that the privilege shall not be allowed if the state objects.


 (c) Exceptions.


 (1)  Voluntary disclosure; informer a witness. No privilege exists under
this rule if the identity of the informer or his interest in the subject matter
of his communication has been disclosed to those who would have cause
to resent the communication by a holder of the privilege or by the
informer's own action, or if the informer appears as a witness for the
public entity.


 (2)  Testimony on merits. If it appears from the evidence in the case or
from other showing by a party that an informer may be able to give
testimony necessary to a fair determination of the issues of guilt,
innocence and the public entity invokes the privilege, the judge shall give
the public entity an opportunity to show in camera facts relevant to
determining whether the informer can, in fact, supply that testimony. 
The showing will ordinarily be in the form of affidavits, but the judge
may direct that testimony be taken if he find that the matter cannot be
resolved satisfactorily upon affidavit. If the judge finds that there is a
reasonable probability that the informer can give the testimony, and the
public entity elects not to disclose his identity, the judge on motion of the
defendant shall dismiss the charges to which the testimony would relate
and the judge may do so on his own motion. Evidence submitted to the
judge shall be sealed and preserved to be made available to the appellate
court in the event of an appeal, and the contents shall not otherwise be
revealed without consent of the public entity. All counsel and parties
shall be permitted to be present at every stage of proceedings under this
subdivision except a showing in camera, at which no counsel or party
shall be permitted to be present.


 (3)  Legality of obtaining evidence. If information from an informer is
relied upon to establish the legality of the means by which evidence was
obtained and the judge is not satisfied that the information was received
from an informer reasonably believed to be reliable or credible, he may
require the identity of the informer to be disclosed. The judge shall, on
request of the public entity, direct that the disclosure be made in camera. 
All counsel and parties concerned with the issue of legality shall be
permitted to be present at every stage of proceedings under this
subdivision except a disclosure in camera, at which no counsel or party
shall be permitted to be present. If disclosure of the identity of the
informer is made in camera, the record thereof shall be sealed and
preserved to be made available to the appellate court in the event of an
appeal, and the contents shall not otherwise be revealed without consent
of the public entity.



 Appellant filed an unsworn pre-trial motion for discovery of the informer's identity
alleging that the unnamed informer referred to in the search warrant affidavit did not exist, and
if he did exist he was a material witness to "the transaction" and his identity was therefore
necessary for a fair determination of the cause. When the trial court heard the motion, appellant
argued for the court to grant the motion, but offered no evidence. The State offered and the court
admitted in evidence an affidavit made by Roach in answer to appellant's motion which stated that
there was an informer and that the informer was not at the scene when appellant was arrested.

 Appellant in his appellate brief quotes and relies on exceptions (c)(2) and (c)(3) of
Rule 508. There is no evidence controverting the State's evidence that there was an informer. 
There is nothing to indicate that the trial judge was not satisfied that the information received from
the informer was reasonably believed to be reliable and credible. Moreover, we do not interpret
the record to show the trial court was, at the time of trial, asked to act under the provisions of
exception (c)(3). Therefore, the trial court did not err in failing to require disclosure of the
informer's identity under exception (c)(3).

 Appellant's arguments at trial and on appeal are focused on appellant's right to
disclosure of the informer's identity under exception (c)(2). In Bodin v. State, 807 S.W.2d 313
(Tex. Crim. App. 1991), the Court of Criminal Appeals concluded that Rule 508 is broader than
the prior decisions of that court. In applying Rule 508 it was said:



The next issue to resolve is the amount of proof necessary for the defendant to
show that testimony may be necessary to a fair determination of guilt or innocence. 
The informer's potential testimony must significantly aid the defendant and mere
conjecture or supposition about possible relevancy is insufficient. 


The defendant has the threshold burden of demonstrating that identity must be
disclosed. Since the defendant may not actually know the nature of the informer's
testimony, however, he or she should only be required to make a plausible showing
of how the informer's information may be important. 


Evidence from any source, but not mere conjecture or speculation, must be
presented to make the required showing that the informer's identity must be
disclosed. The mere filing of a Rule 508 motion is insufficient to obtain a hearing,
much less compel disclosure. 



Id. at 318 (citations omitted). Has appellant sustained his threshold burden of making a "plausible
showing" demonstrating that the informer's identity must be disclosed for appellant to obtain a
fair determination of guilt or innocence? 

 The only evidence admitted at the hearing of appellant's motion was Roach's
affidavit which in no way supports appellant's contention. Appellant, on the hearing of his
motion, urged the trial court to consider the search warrant affidavit, in which it was stated that
the informer had observed appellant and Crawford selling cocaine. Appellant argues that since
the informer witnessed cocaine deliveries he was present when the offense was committed and he
would be able to testify whether appellant or Crawford or both were selling cocaine and who was
in possession of the cocaine. Appellant was not charged with nor tried for the offenses of selling
cocaine in "the transactions" observed by the informer.

 The facts and circumstances in this case are unlike those in Anderson v. State, 817
S.W.2d 69 (Tex. Crim. App. 1991), where the defendant made a "plausible showing" by
producing a police officer's testimony that the informer was present when the drug delivery
transaction, for which the defendant was being tried, was made. Also the facts and circumstances
in this case are unlike those in Bodin, where the informer bought drugs from the defendant at the
direction of law enforcement officers and the officers, based on that transaction, seized drugs
possessed by the defendant. Bodin wanted to show that because the officers had directed the
informer's purchase of drugs Bodin had been entrapped. The failure to disclose the informer's
identity, Bodin argued, deprived him of evidence to show a defense of entrapment, and the Court
of Criminal Appeals agreed.

 Appellant has failed to sustain his threshold burden of demonstrating that the
informer's identity must be disclosed. Appellant has not shown that the informer's potential
testimony would significantly aid him in the fair determination of guilt or innocence of the offense
for which he was tried. Appellant's showing amounts to no more than conjecture or supposition
about the possible relevancy of the informer's testimony to aid him in a fair determination of guilt
or innocence of the offense actually charged and for which he was convicted. We hold that
appellant has not made a "plausible showing" that he is entitled to disclosure of the informer's
identity. The trial court did not err in overruling appellant's motion to disclose the informer's
identity. Point of error three is overruled.

 In point of error four, appellant argues that the State failed to show a proper chain
of custody of the cocaine found under the console of appellant's car, and therefore the trial court
erred in admitting the cocaine in evidence. Appellant argues more explicitly that since Roach did
not make any identifying marks on the bag containing the cocaine before he mailed it to the
laboratory, the evidence does not "tie it specifically to this case."

 When Roach found the six white rocks wrapped in cellophane under the console
of appellant's car, he photographed them before they were removed. Roach then placed the
cellophane wrapped white rocks in a plastic bag, but failed to place his initials or some other
identifying mark on the bag. Roach filled out a Department of Public Safety submission list and
request for analysis form. The bag containing the "six rocks of a white colored hard substance"
found "beneath console" was item number two on the form. The request on the form was that
item two be "test[ed] for presence of cocaine." Roach placed item two and other evidence in this
case in a box, and mailed it to the Department of Public Safety Laboratory in Austin. The box
was mailed by certified mail and Roach received a receipt showing the box had been received by
the addressee.

 Budge, the Department of Public Safety chemist, testified without objection that
he recognized the initials of Dennis Ramsey, a laboratory employee. The records of the
laboratory with Ramsey's initials thereon show that Ramsey received the box mailed by Roach. 
Ramsey inventoried the items in the container and assigned a laboratory case number to the
container and items sent to the Laboratory by Roach. Ramsey sealed the box with the items in
it and placed them in the laboratory vault. Budge obtained the box with items therein from the
vault and analyzed item two. Budge found that the six white rocks in the plastic bag were rock
cocaine weighing .38 grams. Budge placed his initials and the laboratory number on the plastic
bag and returned it to the box. The box was then mailed to Roach at the City of Rockdale Police
Department. Roach testified he received the box with item two in the mail. At trial, although he
could not identify the bag and its contents by a mark, Roach testified that it was the same bag he
had mailed to the laboratory. Budge, at trial, identified the bag with his initials on it which had
been item two on the list submitted to the laboratory. The bag which had been item two on the
submission form was marked as State's exhibit seven at trial and admitted in evidence. Although
Ramsey was not called as a witness, Budge's testimony, to which there was no objection,
concerning the laboratory procedure and practice which were carried out by Ramsey supplied
additional evidence showing a complete chain of custody of exhibit seven.

 Appellant relies on Easley v. State, 472 S.W.2d 128 (Tex. Crim. App. 1971),
which is in some respects similar, but there are some significant differences such as the evidence
in this case of the laboratory procedure and practice followed in handling substances submitted
for analysis. The circumstances are sufficiently different in this case that Easley is not
controlling.



The more typical chain of custody cases make clear that the mere possibility of a
break in the chain does not render the physical evidence inadmissible, but raises
the question of the weight to be accorded by the trier of fact to the sufficiency of
proof of a chain of custody.



Levi v. State, 809 S.W.2d 668, 671 (Tex. App.--Beaumont 1991, no pet.) (citing United States v.
White, 569 F.2d 263 (5th Cir. 1978)). The evidence here shows a sufficient chain of custody. 
The trial court did not err in admitting State's exhibit seven. Point of error four is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Kidd and Dally*

Affirmed

Filed: August 31, 1994

Do Not Publish



























* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).