Paul WOODWARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 45973.

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Rex Kirby, Tyler, for appellant.

Curtis Owen, Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Relief is sought from a conviction for the offense of unlawful sale of a dangerous drug, to-wit: lysergic acid diethylamide (LSD). Punishment was assessed by the jury at six years' confinement.

Two grounds of error are alleged, one of which challenges the sufficiency of the evidence. Dean Thompson, a narcotics agent for the Texas Department of Public Safety, testified that on September 22, 1970, he met appellant in Bergfeld Park in Tyler at approximately 9:30 p. m. Thompson stated that he purchased from appellant two capsules for $6.00, after appellant told him he had some psilocybin if he wished to purchase it. Thompson talked with appellant for a few moments after the sale and then departed. A chemist for the Texas Department of Public Safety testified that the capsules contained lysergic acid diethylamide (LSD).

Appellant testified and his defense was alibi.

The jury chose to accept the testimony of the undercover agent. The evidence supports the verdict.

 In appellant's remaining ground of error, he argues that the trial court erred in failing to submit to the jury the question of whether the prosecuting witness Thompson was an accomplice witness. An undercover agent is not an accomplice as long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic. E. g. Alvarez v. State, Tex.Cr.App., 478 S.W.2d 450 (1972); Easley v. State, Tex.Cr.App., 478 S.W.2d 539 (1972). The prosecuting witness stated that appellant walked up to him and offered the drugs for sale. Appellant's contention is without merit.

The judgment is affirmed.