**William Paul DARROW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47395.**

Court of Criminal Appeals of Texas.

Jan. 30, 1974.

Charles R. Kaufmann, Austin, for appellant.

Robert H. Moore, III, Dist. Atty., Big Spring, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The conviction is for the offense of sale of marihuana; punishment was assessed at life imprisonment.

Two grounds of error are raised on appeal; the sufficiency of the evidence is not challenged.

■ Appellant first contends that the State totally failed to establish a proper chain of custody; he further alleges that the record clearly shows that the evidence had been tampered with. We cannot agree. The record reflects that the undercover agent involved purchased eight bags of marihuana from the appellant, and wrapped them with masking tape after having marked the tape. At the trial, the agent identified eight bags and a piece of tape as being the very same items purchased from the appellant.

The agent further testified that after marking the evidence he had turned it over to a Detective Cantwell. Cantwell testified that when the evidence was given to him he filled out an identifying tag (which he confirmed at the trial as being the same tag) and locked it in his locker at the police department. Later, Cantwell delivered the substance to the chemistry lab in Austin, relinquishing control of the evidence to the chemist there. A chemist from the Texas Department of Public Safety testified that the material received by his lab was, in fact, marihuana, and the sack handed him in court was the same matter he had examined.

Appellant argues that the substance should not have been allowed into evidence since it had been "tampered" with. He bases this contention on the fact that Detective Cantwell admitted that the evidence remained in this locker at the police station for over two weeks and that other people had access to the room in which the locker was located. This is confirmed by the record, but the testimony also shows that the locker was bound with a key lock and that no one else had access to the locker itself besides Cantwell.

Likewise, appellant has shown that when the evidence was taken to Austin to be analyzed, for about an hour it was left in the motel room where the officer in charge was staying while he ate dinner at the motel restaurant. Thus, appellant has shown the *possibility* which existed for someone to tamper with the evidence, but nothing more. Appellant's objection goes to the weight, and not the admissibility of the evidence. Mitchell v. State, 488 S.W.2d 786 (Tex.Cr.App.1973).

■ Also, appellant contends that it is obvious that the evidence was tampered with, since the agent purchased eight "lids" of marihuana, and the chemist testified that he only received approximately four ounces to analyze. The State has correctly responded to this contention by pointing out that the agent testified he agreed to purchase eight "lids" from the appellant, and that a "lid" is supposed to contain about an ounce, but that he had no idea of how much marihuana he actually received, only that he received eight *bags* of the substance. Appellant has failed to bring forth any proof to support his allegation. This ground is overruled.

■ In the remaining ground, appellant argues that error was committed at the trial because the court failed to instruct the jury that the agent who purchased the marihuana from appellant was an accomplice witness as a matter of law. The record reflects that on two prior occasions the agent had inquired of the appellant if he knew where he could buy some heroin and amphetamine. Appellant stated that he did not. Then on the day in question, appellant called the agent at home and offered to sell the agent eight "lids" of marihuana. The transaction followed. As stated in Woodward v. State, 490 S.W.2d 850 (Tex.Cr.App.1973), an undercover

agent is not an accomplice as long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic. This ground is without merit.

The judgment is affirmed.