NUMBER 13-03-280-CR 
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
DUSTIN DAVID BEACH,                                                              Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 36th District Court
of San Patricio County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo
                              Opinion by Chief Justice Valdez
          Appellant, Dustin David Beach, was convicted by a jury of possession of a controlled
substance, a state jail felony. On appeal, he contends that the trial court erred in denying
his motion to suppress and in admitting certain evidence. We affirm.
Background
          Officer Parnell Haynes observed appellant driving a white Dodge pickup truck 93
miles per hour in a 65 miles-per-hour zone. Haynes also observed the passenger-side
door opening and closing several times in rapid succession. Haynes did not see anything
being thrown from the vehicle, nor did he subsequently find any controlled substances or
contraband along the side of the road. 
          Haynes initiated a traffic stop. Haynes told appellant he was being stopped for
excessive speed and asked the passenger why he had repeatedly opened and closed his
door. The passenger, who appeared to be visibly intoxicated, informed Haynes that his
shirt had been stuck in the door and he was trying to free it. Haynes asked appellant if he
had been drinking and appellant replied affirmatively. Haynes administered, and appellant
passed, the horizontal gaze nystagmus sobriety test. Appellant appeared “calm.” Haynes
ran a background license check on both appellant and his passenger, which revealed no
warrants or criminal history for either individual. Haynes then requested permission to
search the vehicle, which appellant refused. Haynes called for the canine unit to perform
an olfactory search of the vehicle. The canine unit arrived at the scene eighteen minutes
later. The dog alerted on the vehicle, and a controlled substance was found in the roof
console. Appellant was arrested within thirty minutes of the initial traffic stop.
Motion to Suppress
          In his first issue, appellant argues that the trial court erred in overruling his motion
to suppress evidence. Appellant challenges neither the initial stop for the speeding
violation nor his detention for the field sobriety test. Instead, appellant contends that his
continued detention following the completion of the field sobriety test and the background
check was unreasonable and excessive and was not reasonably related to the scope of
the initial stop.
          We review a trial court’s denial of a motion to suppress for abuse of discretion.
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give almost total
deference to a trial court’s determination of historical facts and review de novo the court’s
application of the law. Id. In the instant case, evidence pertaining to the suppression issue
was consensually relitigated during the trial on the merits. Therefore, in conducting our
review we will consider evidence introduced both at the suppression hearing and at trial. 
See Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996); McQuarters v. State,
58 S.W.3d 250, 255 (Tex. App.–Fort Worth 2001, pet. ref’d). 
          An investigative detention may last no longer than is necessary to effectuate the
purpose of the stop. Florida v. Royer, 460 U.S. 491, 500 (1983); Davis v. State, 947
S.W.2d 240, 243 (Tex. Crim. App. 1997). Once the purpose of the stop has been satisfied,
the stop may not be used for an unrelated “fishing” expedition. Davis, 947 S.W.2d at 243. 
The propriety of the stop’s duration is judged by assessing whether the police diligently
pursued a means of investigation that was likely to dispel or confirm their suspicions
quickly. Id. at 245. 
          The reasonableness of a temporary detention must be examined in terms of the
totality of the circumstances and will be justified when the detaining officer has specific
articulable facts, which taken together with rational inferences from those facts, lead him
to conclude that the person detained is, has been, or soon will be engaged in criminal
activity. Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997); 217,590 in United
States Currency v. State, 54 S.W.3d 918, 923 (Tex. App.–Corpus Christi 2001, no pet.);
Hernandez v. State, 983 S.W.2d 867, 869 (Tex. App.–Austin 1998, pet. ref’d). If an officer
has a reasonable suspicion that the vehicle contains narcotics, he may temporarily detain
it to allow an olfactory inspection by a trained drug detection dog. Estrada v. State, 30
S.W.3d 599, 603 (Tex. App.–Austin 2000, no pet.). 
           Based on the totality of the circumstances, we conclude that Haynes offered specific
articulable facts, which taken together with rational inferences from those facts, caused him
to conclude that appellant was, had been, or soon would be engaged in criminal activity. 
Haynes testified that he based his request for a canine search on three factors: the
vehicle’s high rate of speed, the passenger’s appearance of intoxication, and the repeated
opening and closing of the passenger-side door. Haynes testified that, in his experience,
suspects may attempt to dispose of contraband or narcotics by throwing the items out of
their vehicle. He had personally witnessed this occurring on fifteen to twenty different
occasions. Haynes further testified that he found it extremely suspicious that the door
opened and closed several times in rapid succession. While the passenger informed
Haynes that he opened and closed the door repeatedly to free his shirttail from the door,
Haynes testified that he believed the passenger was wearing a t-shirt without a tail. 
Moreover, given the physical dimensions of the truck and the location therein of the
passenger’s seat, Haynes testified that a space of approximately one-and-a half-feet would
separate the passenger’s shirttail from the passenger-side door. 
             We conclude that Haynes offered articulable facts and circumstances that justified
a continued detention and broader investigation. Razo, 577 S.W.2d at 710-11. While a
detention based on a violation of a traffic regulation will not justify detention to await the
arrival of a drug detection dog, 217,590, 54 S.W.3d at 924, Haynes’s testimony provided
additional specific facts and circumstances which caused him to suspect the vehicle
contained narcotics. Accordingly, we overrule appellant’s first issue.
Chain of Custody
          In appellant’s second issue, he argues that the State failed to conclusively establish
a proper beginning to the chain of custody for the seizure of the narcotics found in the
truck, and because there was a showing of tampering or altering the evidence, the trial
court erred in admitting it. Appellant contends that the State failed to prove which officer
had initial custody of the evidence, and further alleges that differing test results and
differing descriptions of the narcotics suggest the possibility that the evidence was altered. 
          We review evidentiary rulings under an abuse of discretion standard. Prytash v.
State, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999). Before physical evidence is admitted,
it must be identified by “evidence sufficient to support a finding that the matter in question
is what its proponent claims.” Tex. R. Evid. 901(a). This can be accomplished through
testimony from a witness with knowledge that an item is what it is claimed to be. See id. 
          Gaps in the chain of custody generally go to the weight and credibility of the
evidence in question, not its admissibility. Lagrone v. State, 942 S.W.2d 602, 617 (Tex.
Crim. App. 1997); Ford v. State, 26 S.W.3d 669, 674 (Tex. App.–Corpus Christi 2000, no
pet.); Silva v. State, 989 S.W.2d 64, 68 (Tex. App.–San Antonio 1998, pet. ref’d). 
Theoretical gaps in the chain of custody do not render evidence inadmissible absent
evidence of tampering or commingling. Silva, 989 S.W.2d at 68. 
          Here, the collective and undisputed testimony of the police officers and technicians
established the proper chain of custody of the narcotics from its seizure at the crime scene
to its appearance in the courtroom on the day of trial. Specifically, the officer who retrieved
the bag of narcotics identified it at trial, as did the officer who placed it in an evidence bag
and marked it. Moreover, the State’s chemist testified without objection that the evidence
consisted of methamphetamine, a narcotic.
          While the State must establish a proper chain of custody, an appellant has the
burden to show tampering. See Garcia v. State, 537 S.W.2d 930, 934 (Tex. Crim. App.
1976). Appellant argues that inconsistent test results and differing verbal descriptions of
the narcotics indicate a possibility that the evidence was altered. A field test performed by
Haynes showed that the substance tested positive for heroin, however the laboratory
testing indicated that the substance was instead methamphetamine. Appellant further
argues that Haynes’s description of the substance as white in color and the chemist’s
description of the substance as beige indicates potential tampering.
          Appellant has shown that there is a possibility that someone tampered with the
evidence, but nothing more. Darrow v. State, 504 S.W.2d 416, 417 (Tex. Crim. App.
1974). Such an objection goes to the weight of the evidence, but not its admissibility. See
id. On these facts, we conclude that appellant has not made a showing that the exhibit
was tampered with or altered. Accordingly, his objection goes to the weight and not the
admissibility of the evidence. We overrule his second issue.
Conclusion
          Having overruled both of appellant’s issues, the judgment of the trial court is
affirmed. 
 
 
                                                                                                                     
 
                                                                                 Rogelio Valdez,
 
                                                                                 Chief Justice
 Do not publish. 
 Tex. R. App. P. 47.2(b)

 Opinion delivered and filed
 this 12th day of August, 2004.