# NO. 12-13-00320-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DOUGLAS RAY RICHARDS,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Douglas Ray Richards appeals his conviction for attempted aggravated sexual assault. In two issues, Appellant challenges the legal sufficiency of the evidence to support his conviction, and argues that the trial court abused its discretion in admitting certain evidence at trial. We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of aggravated sexual assault. The indictment also included a felony enhancement paragraph. Appellant pleaded "not guilty," and the case proceeded to a bench trial. At the conclusion of the trial, the court found Appellant guilty of attempted aggravated sexual assault, a lesser included offense, found the enhancement paragraph to be "true," and assessed Appellant's punishment at forty years of imprisonment. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant argues that the evidence is legally insufficient to support his conviction. More specifically, he contends that the record contains no evidence that he intended

to commit aggravated sexual assault or that he did any act amounting to more than mere preparation.

**Standard of Review**

In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010).

When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. *Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.—Corpus Christi 2006, no pet.).

**Applicable Law**

A person commits the offense of aggravated sexual assault if he intentionally or knowingly causes the sexual organ of another person, without that person's consent, to contact the sexual organ of another person, including the actor, and if the person by acts or words occurring in the presence of the victim threatens to cause the death or serious bodily injury of any person. TEX. PENAL CODE ANN. 22.021(a)(1)(A)(iii), (2)(A)(iii) (West Supp. 2014). A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended. TEX. PENAL CODE ANN. 15.01(a) (West 2011). If a person attempts an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if

an element that aggravates the offense accompanies the attempt. TEX. PENAL CODE ANN. 15.01(b) (West 2011). The criminal attempt statute does not require that every act short of actual commission of the offense be accomplished in order to convict an accused of an attempted offense. *Hackbarth v. State*, 617 S.W.2d 944, 946 (Tex. Crim. App. 1981).

To prove Appellant committed attempted aggravated sexual assault in this case, the State was required to show that Appellant, with specific intent to commit aggravated sexual assault, performed an act that amounted to more than mere preparation that tended, but failed, to effect the commission of the offense. *See* TEX. PENAL CODE ANN. §§ 15.01(b), 22.021. A person acts intentionally, or with intent with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. TEX. PENAL CODE ANN. § 6.03(a) (West 2011).

Proof of a culpable mental state generally relies upon circumstantial evidence. *Rodriguez v. State*, 793 S.W.2d 744, 748 (Tex. App.—San Antonio 1990, no pet.). Circumstantial evidence of an accused's mental state is not treated differently than circumstantial evidence of other elements and is reviewed under the same standard as direct evidence. *Laster v. State*, 275 S.W.3d 512, 521 (Tex. Crim. App. 2009). Moreover, intent can be inferred from an accused's actions, words, and conduct. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Maldonado v. State*, 998 S.W.2d 239, 243 (Tex. Crim. App. 1999); *Gallegos v. State*, 340 S.W.3d 797, 802 (Tex. App.—San Antonio 2011, no pet.). An accused's intent is a question of fact to be determined by the factfinder from all the facts and circumstances in evidence. *Hemphill v. State*, 505 S.W.2d 560, 562 (Tex. Crim. App. 1974).

**Analysis**

In his brief, Appellant argues that the evidence is insufficient because the record contains no evidence that he intended to commit aggravated sexual assault or that he did any act amounting to more than mere preparation to commit the offense. Regarding Appellant's specific intent to commit aggravated sexual assault, the evidence shows that Appellant told Jane Doe[1] that he was not going to leave her residence, that it was his birthday, and that he was going to have sex with her. She refused. Appellant told her that he was going to count to three and that if she did not remove her bottoms or pants, he was going to hit her. Appellant counted to three and

---

[1] At trial, the victim of the alleged assault was referred to by the pseudonym of "Jane Doe." We will refer to the victim by the same pseudonym in this opinion.

3

hit Jane Doe in the head and face, repeatedly, with his fists, pinned her to the bed with his knees, licked her breasts, and ejaculated before he was able to penetrate her. Viewing the evidence in the light most favorable to the prosecution, we conclude that any rational factfinder could have found the specific intent to commit aggravated sexual assault beyond a reasonable doubt. *See Guevara*, 152 S.W.3d at 50; *Maldonado*, 998 S.W.2d at 243; *Gallegos*, 340 S.W.3d at 802.

In addition to the above evidence, the record shows that Appellant hit Jane Doe on both sides of her head, broke her nose, and caused her tooth to go through her lip. Two officers and Jane Doe's mother testified that Jane Doe suffered extensive injuries to her face, back, and person. Numerous photographs were admitted into evidence showing Jane Doe's injuries.

Jane Doe testified that during the alleged incident, she was wearing a white pajama top, underwear, and boxer shorts. She identified a white shirt admitted in evidence as the pajama top. Jennifer Pollock, a Texas Department of Crime Laboratory forensic scientist, testified that the white shirt had a semen stain consistent with Appellant's DNA and contained sixteen areas that tested "presumptive positive" for semen. This evidence is consistent with Jane Doe's testimony that Appellant ejaculated on her before he was able to penetrate her. However, Pollock stated that she detected no semen on the vaginal swabs, anal swabs, oral swabs, abdominal swabs, or suprapubic swabs taken from Jane Doe's sexual assault nurse examination (SANE).

We note that an act of attempted penetration is not required to establish that Appellant's acts amounted to more than mere preparation that tended, but failed, to effect the commission of the intended offense. *See Hackbarth*, 617 S .W.2d at 946. Viewing all of the evidence in the light most favorable to the prosecution, we hold that the State presented ample evidence to show that Appellant's acts, words, and conduct constituted more than mere preparation that tended, but failed, to effect the commission of the offense intended. Thus, we conclude that any rational fact finder could have found the essential elements of attempted aggravated sexual assault beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 15.01(a), 22.021(a); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Appellant's first issue is overruled.

## CHAIN OF CUSTODY

As part of his second issue, Appellant argues that the trial court abused its discretion by admitting into evidence a white shirt that belonged to Jane Doe. He contends that the chain of custody was not sufficiently reliable to permit admission of the white shirt.

## Standard of Review

A trial court has considerable discretion in determining whether to exclude or admit evidence. *See Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990); *State v. Dudley*, 223 S.W.3d 717, 724 (Tex. App.—Tyler 2007, no pet.). Absent an abuse of discretion, we will not disturb a trial court's decision to admit or exclude evidence. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *See Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *see also Martin*, 173 S.W.3d at 467 (holding judgment must be upheld if ruling was correct on any theory of law applicable to case in light of what was before trial court at time ruling was made).

## Applicable Law

The rules of evidence do not specifically define "chain of custody." But Rule 901(a) provides that the authentication or identification of an item for admissibility purposes is satisfied by evidence that is sufficient to support a finding that the item is what its proponent claims. TEX. R. EVID. 901(a); *Dossett v. State*, 216 S.W.3d 7, 17 (Tex. App.—San Antonio 2006, pet. ref'd). Evidence may be authenticated or identified by different methods, including testimony by a witness with knowledge that "an item is what it is claimed to be." TEX. R. EVID. 901(b)(1); *Dossett*, 216 S.W.3d at 17; *Angleton v. State*, 971 S.W.2d 65, 68 (Tex. Crim. App. 1998). The trial court does not abuse its discretion by admitting evidence based on its belief that a reasonable factfinder could find the evidence has been authenticated or identified. *Dossett*, 216 S.W.3d at 17; *Pondexter v. State*, 942 S.W.2d 577, 586 (Tex. Crim. App. 1996). Proof of chain of custody goes to the weight of the evidence, rather than its admissibility. *Dossett*, 216 S.W.3d at 17; *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997).

Gaps or theoretical breaches in the chain of custody do not affect the admissibility of the evidence, absent affirmative evidence of tampering or commingling. *Lagrone*, 942 S.W.2d at 617; *Dossett*, 216 S.W.3d at 17. The appellant has the burden to present affirmative evidence of tampering or commingling; the State bears no burden to disprove evidence tampering. *Dossett*, 216 S.W.3d at 17; *Stoker v. State*, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989), *abrogated on other grounds by Leday v. State*, 983 S.W.2d 713, 716 (Tex. Crim. App. 1998).

5

**Analysis**

At trial, the State offered a white shirt into evidence and showed the shirt had been collected at Jane Doe's house, contained stains that purported to be semen consistent with Appellant's DNA profile, and had been worn by Jane Doe during the alleged incident. Appellant objected to the admission of the shirt, contending that there was a gap in the chain of custody. According to Appellant, the predicate was insufficient to show where the white shirt was found. He did not believe it was found by the investigating officer, but by someone else, which made the chain of custody "uncertain." The trial court overruled Appellant's objection and admitted the evidence, stating that any lack of a chain of custody predicate affects the probative value of the exhibit rather than its admissibility. We agree.

The trial court reasonably could have found that the State established an adequate chain of custody through the officers' testimony connecting the white shirt to Appellant. Debra Walsh, a Lufkin Police Department crime scene and ID technician, testified that the white shirt was seized the day after the incident and was one of three other items that Jane Doe found after Walsh initially collected the evidence. Walsh stated that she did not collect the shirt earlier because it was located in the second bedroom of Jane Doe's residence. She collected the shirt, placed it into a sealed bag at the scene, and sent it to the laboratory for testing. Pollack testified that the white shirt contained sixteen areas that tested "presumptive positive" for semen and that the semen stains were consistent with Appellant's DNA profile. Jane Doe identified the white shirt as the shirt she was wearing the night of the alleged incident.

Walsh's and Pollock's testimonies are sufficient to support the trial court's belief that a reasonable factfinder could find the white shirt had been authenticated. *See* TEX. R. EVID. 901(a), (b)(1); *Angleton*, 971 S.W.2d at 68. The fact that Jane Doe found the white shirt after Walsh initially collected evidence the previous day may suggest the possibility of tampering, but does not prohibit admission of the evidence. *See Darrow v. State*, 504 S.W.2d 416, 417 (Tex. Crim. App. 1974); *Dossett*, 216 S.W.3d at 17. Based on the absence of any affirmative evidence of tampering, the defects in the chain of custody pointed out by Appellant affected only the weight of the evidence, not its admissibility. *See Lagrone*, 942 S.W.2d at 617; *Dossett*, 216 S.W.3d at 17-18. We hold the trial court did not abuse its discretion in concluding that the State established a sufficient chain of custody for the white shirt to be admitted as evidence. Further, the trial court was the sole judge of the weight to be given to the evidence, and we cannot say the

defect in the chain of custody rendered the evidence devoid of any probative value. *See **Mosley v. State***, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). The portion of Appellant's second issue pertaining to chain of custody is overruled.

<br>

## VOLUNTARINESS OF STATEMENT

Also as part of his second issue, Appellant contends that the trial court abused its discretion by admitting into evidence a videotaped interview of Appellant. He argues that there was no clear showing that his statements during the videotaped interview were voluntary and therefore the videotape was inadmissible.

**Applicable Law and Standard of Review**

In ***Miranda v. Arizona***, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), the United States Supreme Court held that the Fifth Amendment to the United States Constitution prohibits use of an accused's oral statement made as result of custodial interrogation unless he is given certain warnings and knowingly, intelligently, and voluntarily waives the rights set out in the warnings. *See **Miranda***, 384 U.S. at 478–79, 85 S. Ct. at 1629-30. Specifically, pursuant to ***Miranda***, an accused must be warned prior to any questioning "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney[,] one will be appointed for him prior to any questioning if he so desires." ***Id.***, 384 U.S. at 479, 85 S. Ct. at 1630.

"A statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion, under the rules hereafter prescribed." TEX. CODE CRIM. PROC. ANN. art. 38.21 (West 2005). Under Article 38.22, no oral statement of an accused made as a result of custodial interrogation shall be admissible against an accused in a criminal proceeding unless (1) the statement was recorded and (2) prior to the statement but during the recording, the accused was warned of his rights and knowingly, intelligently, and voluntarily waived those rights. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a) (West Supp. 2014); ***Joseph v. State***, 309 S.W.3d 20, 23–24 (Tex. Crim. App. 2010). The warnings required by Article 38.22 include those stated in ***Miranda*** and, in addition, a warning that the accused "has the right to terminate the interview at any time." TEX. CODE CRIM. PROC. ANN. art. 38.22 §§ 2(a), 3(a)(2) (West Supp. 2014); ***Herrera v. State***, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).

The State has the burden of showing by a preponderance of the evidence that an accused knowingly, intelligently, and voluntarily waived his *Miranda* rights. *See Joseph*, 309 S.W.3d at 24. "[T]he relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Id.* at 25. Additionally, "the waiver must have been made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id*. In making a determination as to waiver, "the totality of the circumstances surrounding the interrogation" must be considered. *Id.*

We review the trial court's decision to admit the videotape under an abuse of discretion standard. *See Martin*, 173 S.W.3d at 467.

**Analysis**

At trial, the State offered into evidence the recording of a video interview between Detective Cross and Appellant conducted on April 9, 2009. In the video interview, Appellant denied committing the offense, denied knowing Jane Doe, denied having sexual relations with Jane Doe, and denied knowing the location of where Jane Doe lived.

Cross testified that the video recording showed that Appellant waived his right to counsel and that he did not "ever" invoke any of his other rights during the interview. He also testified that Appellant appeared to understand the *Miranda* warnings even though he had to repeat them a few times. Appellant had a few questions, but Cross said that Appellant understood the warnings and that he answered Appellant's questions. According to Cross, Appellant was very loud and "boisterous" during the interview and he believed that Appellant may have been high or using something. We have reviewed the videotape of the interview, which confirms that Cross read Appellant his *Miranda* warnings. After every warning, Appellant was asked if he understood that warning. He said "[Y]eah, I do" or "[Y]es, sir, I do" each time. However, Appellant appeared to question one warning, i.e., that he had the right to terminate the interview at any time. Eventually he stated that he understood that warning. Appellant also asked why he was there, and what was going on. He stated that he wanted to be left alone. However, he said he understood the warnings and wanted to waive his rights. Cross asked Appellant to initial each written warning that he had been read, but he was unable to do so. Instead, he "checked" each warning.

8

From the totality of the circumstances surrounding Appellant's videotaped interview, we cannot say that his statement was involuntary. The videotape shows that Appellant appeared to understand his rights, that he answered affirmatively when asked if he understood them, and that there was no evidence of intimidation or coercion. *See Joseph*, 309 S.W.3d at 25. Although his conduct during the interview may have been "boisterous," he was not incomprehensible. Therefore, we cannot conclude that the trial court abused its discretion in overruling Appellant's objection regarding the voluntariness of the videotaped interview.[2] The portion of Appellant's second issue pertaining to the voluntariness of his videotaped interview is overruled.

## COUNSELOR'S OPINIONS

In the final portion of his second issue, Appellant states that the trial court abused its discretion by improperly considering the opinions expressed by Jane Doe's counselor because the opinions violated his due process rights. Texas Rule of Appellate Procedure 38.1(i) states that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Conclusory statements unsupported by citation to any legal authority present nothing for the court to review. *Nolan v. State*, 102 S.W.3d 231, 236 (Tex. App.—Houston [14th Dist.] 2003, pet ref'd).

Here, Appellant's statement is not supported by argument or authority as required by the rules. *See* TEX. R. APP. P. 38.1(i). Thus, he has waived any complaint regarding this issue.

---

[2] If a statement of an accused is found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the "absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause." TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6 (West Supp. 2014); *see also Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004) ("It is well settled that Article 38.22, § 6 is mandatory in its language and that it requires a trial court to file its findings of fact and conclusions of law regarding the voluntariness of a confession whether or not the defendant objects to the absence of such omitted filing."). The trial court overruled Appellant's objection without entering the required order. However, the findings of fact and conclusions of law need be made only when there is a question as to the facts surrounding the taking of the statement, i.e., where the facts are disputed. *See Miller v. State*, 666 S.W.2d 269, 274 (Tex. App—Dallas 1984, pet. ref'd); *Zervos v. State*, 15 S.W.3d 146, 154 (Tex. App.-Texarkana 2000, pet. ref'd). Here, the record shows the facts surrounding the taking of the videotaped interview are not in dispute. *See Zervos*, 15 S.W.3d at 154. Rather, the only dispute is the interpretation of the statements and actions of Appellant that are shown conclusively by the video recording. *Id.* Therefore, a more specific finding by the trial court is not necessary in this case. *See id.*; *Hernandez v. State*, 387 S.W.3d 881, 888 (Tex. App.—San Antonio 2012, no pet.); *Amos v. State*, No. 05-12-00908-CR, 2013 WL 3554305, at *10 n. 2 (Tex. App.—Dallas July 11, 2013, no pet.) (op., not designated for publication).

## DISPOSITION

Having overruled both of Appellant's issues on appeal, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 10, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 10, 2015

NO. 12-13-00320-CR

**DOUGLAS RAY RICHARDS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. CR-28710)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*